IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>CHRISTOPHER J. FAUCETT<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR ORDER REQUIRING TRANSPORT AND FOR WRIT OF HABEAS CORPUS AD PROSEQUENDUM<br><br><br>Case No. 2:03-CR-588 TS |

Defendant, acting pro se, is in the custody of the Bureau of Prisons (BOP). By the present Motion, Defendant requests transportation for the purpose of obtaining medical tests but submits a subsequent pleading showing that the person with whom Plaintiff seeks medical tests is no longer practicing medicine.[1] Therefore, the Motion must be denied.

Further, for Defendant's future reference, the Court notes that under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), any challenge to the conditions of his

---

[1] *See* Docket No. 42, at 2.

1

confinement, such as a perceived lack of medical care, must be raised by a civil case[2] after he has fully exhausted of administrative remedies with the BOP.[3]  Therefore, such claims regarding medical care while in the custody of the BOP would not have been addressed by this Court as part of this closed criminal case.   Accordingly, it is

ORDERED that Defendant's Motion for Order Requiring Defendant's Transport and for Writ of Habeas Corpus Ad Prosequendum (Docket No. 42) is DENIED.

DATED   December 10, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[2] *See Simmat v. United States Bureau of Prisons*, 413 F.3d 1225, 1231-32 (10th Cir. 2005) (discussing forms of relief available for various claim against federal prison dentists).

[3] *See Laubach v. Scibana*, 230 Fed.Appx. 839, 839 (10th Cir. 2007) (holding that unexhausted claims must be dismissed when issue raised as an affirmative defense).